IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VERN LEMRICK,

             Plaintiff,

    v.

CRAIG ROBERTS, et al.,

             Defendants.

No. CV 08-26-MO

OPINION AND ORDER

**MOSMAN, J.**,

Mr. Vern Lemrick, a *pro se* plaintiff, brought suit against Clackamas County Officer Tom Schaffer and Sheriff Craig Roberts.  Mr. Lemrick alleges that Officer Schaffer and Sheriff Roberts violated his Fourth Amendment rights during a traffic stop and resulting arrest.  Currently before the Court is Mr. Lemrick's Motion for Summary Judgement (#30) as to Sheriff Roberts.  For the reasons discussed below, I DENY plaintiff's Motion for Summary Judgment.

## BACKGROUND

Based on the documents before the Court, apparently Officer Schaffer pulled over Mr. Lemrick on a traffic stop and arrested him on January 11, 2007.  After his arrest, Mr. Lemrick contends that he was "turned [] over to Craig Roberts's jail agents for further rights violations." (Pl.'s Mot. Summ. J. (#30) 1.)  At the jail, Mr. Lemrick alleges that he was interrogated, threatened, his cash was taken and never returned, his car was taken, and he was not transported

PAGE 1 - OPINION AND ORDER

back so that he had to walk in seventeen degree weather. (*Id*. at 2.) Mr. Lemrick also contends that Sheriff Roberts was involved in the grand jury "allegations" on February 27, 2009, by advising Officer Schaffer.

Officer Schaffer was dismissed from this case on November 25, 2008, based on want of prosecution (#23). On March 31, 2009, Mr. Lemrick moved for summary judgment against Sheriff Roberts (#30). Because Sheriff Roberts failed to respond to the motion, this court issued an Order to Show Cause (#31) on May 6, 2009. A Response to the Order to Show Cause (#32) was filed on May 25, 2009. The response argued that Mr. Lemrick's summary judgement motion failed for procedural reasons, and that the plaintiff was not entitled to summary judgment on the face of the pleadings. (*Id*. at 1-4.) The response further indicated that he would respond to the merits of the summary judgment motion and would "[a]long with this answer defendant [is] filing a response to plaintiff's motion. Defendant will rely upon the arguments in that document to support this part of his answer." (*Id*. at 4.) Notwithstanding this representation, Mr. Roberts has not filed a document substantively responding to Mr. Lemrick's summary judgment motion. On June 8, 2009, Mr. Lemrick filed a "Heresay Objection" (#34), which this Court construes as a reply to defendant's existing response to the summary judgement motion.

## DISCUSSION

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment is required to show that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by presenting

PAGE 2 - OPINION AND ORDER

evidence that negates an essential element of the non-moving party's case, or by demonstrating

that the nonmoving party failed to "make a showing sufficient to establish an element essential to

that party's case and on which that party will bear the burden of proof at trial." *Id*. at 322-23.

Moreover, when the party moving for summary judgment "bears the burden of proof at

trial, it must come forward with evidence which would entitle it to a directed verdict if the

evidence went uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)

(quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991); *cf.*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The judge's inquiry, therefore,

unavoidably asks . . . whether there is evidence upon which a jury can properly proceed to find a

verdict for the party producing it, upon whom the onus of proof is imposed." (internal quotations

omitted)).  The court views the record in the light most favorable to the non-moving party.

*Anderson*, 477 U.S. at 255.

Here, Mr. Lemrick bears the burden of proving his claims at trial.  As such, he is required

to produce sufficient evidence showing that he would be entitled to a directed verdict if this

matter is brought to trial.  Mr. Lemrick fails to meet this burden.

First, as Sheriff Roberts argues, Mr. Lemrick has failed to produce any properly verified

evidence to the Court.  Even if the Court construed Mr. Lemrick's contentions in his summary

judgment motion as a declaration, the statements themselves do not establish that Sheriff

Robert's violated his Fourth Amendment or other constitutional rights.  In particular, Mr.

Lemrick appears to bring this action against Officer Roberts in his official capacity, as he refers

to several of the alleged violations as perpetrated by "Craig Roberts's agents."  (Pl.'s Mot. Summ.

J. (#30) 2.)

PAGE 3 - OPINION AND ORDER

Yet, Mr. Lemrick fails to point to any evidence regarding Sheriff Roberts that would subject the county to liability under a *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The theory of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983. *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). Employing a tortfeasor is insufficient for liability under § 1983; rather, to be liable a municipality must have a policy or custom that caused the plaintiff's injury. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986)). Mr. Lemrick has not produced any evidence related to a policy or a custom that caused him harm. Mr. Lemrick has therefore not demonstrated that he is entitled to judgment.

Second, Sheriff Roberts has produced sufficient evidence to establish a genuine issue of material fact. Sheriff Roberts's response to the order to show cause contains a sworn affidavit and attached exhibits related to the traffic stop and arrest. The Court notes that it has no obligation to consider these documents, which are not referred to by the defendant, who failed to submit responsive briefing as to the substantive merits of the summary judgment motion. *See Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (instructing that non-moving party has the "burden of advertising [sic] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case"). Nonetheless, the copy of the report filed by Officer Schaffer, the issued traffic citation, the copy of the property inventory, and the copy of the receipt signed by Mr. Lemrick in the amount of $68.00 are sufficient to create a genuine issue of material fact as to the events and conditions related to Mr. Lemrick's arrest.

PAGE 4 - OPINION AND ORDER

**CONCLUSION**

For the above reasons, I DENY the Motion for Summary Judgment (#30).

IT IS SO ORDERED.


DATED this  6th  day of August, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court
